UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CIV. 05-4145-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER REQUIRING |
| | ) | SUPPLEMENTAL BRIEFING ON |
| THREE BANK ACCOUNTS | ) | PLAINTIFF'S MOTION TO STRIKE |
| DESCRIBED AS: | ) | |
| | ) | |
| Bank Account #9142908, at First | ) | |
| Bank & Trust, Brookings, South | ) | |
| Dakota; | ) | |
| | ) | |
| Bank Account #1060000773, at | ) | |
| Minnwest Bank, Ortonville, | ) | |
| Minnesota; and | ) | |
| | ) | |
| Bank Account #111007191, at Far | ) | |
| West Bank, St. George, Utah, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION AND FACTS**

The government filed its complaint in this matter on September 19,

2005, alleging a right to condemnation and forfeiture of the three named bank

accounts pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).  It then served a copy of

the complaint, a summons, and a Notice of Civil Forfeiture on Robert Woldt,

Shirley Woldt, Timothy Jewell, and Harvey Dockstader, Jr.   The Woldts

received the pleadings on September 22, 2005.  Timothy Jewell and Harvey

Dockstader received the documents at roughly the same time, although the exact date is not documented.

Harvey Dockstader**,** Jr., appearing *pro se*, filed a response to the government's complaint on October 17, 2005.  Shirley Woldt, also appearing *pro se*, filed a response to the complaint on October 25, 2005.  Neither Robert Woldt nor Timothy Jewell filed a response to the government's complaint in 2005 or 2006.  The district court issued a scheduling order in the case and the parties began the process of discovery.

On August 30, 2007, the government filed a notice to take the deposition of Mr. Dockstader on October 26, 2007.  On October 9, 2007, Mr. Dockstader filed a document entitled Statement of Release in Interest or Right (Release Claim).  In this document, Mr. Dockstader recited the following:  (1) that in December 2004, he had entered into an agreement with Timothy Jewell to purchase two companies owned by Jewell; (2) that, owing to the government's seizure of money belonging to Dockstrader, he had defaulted on his purchase agreement with Jewell; (3) that Dockstader had assigned his interest in the property which was the subject of this forfeiture proceeding to Jewell on January 3, 2007; (4) that Dockstader was relinquishing all further claims to the property in this action; and (5) that it would pose an unnecessary financial and emotional stress to Dockstader to make him travel from his home in

Arizona to South Dakota, the location where the government indicated it intended to take Dockstrader's deposition.

This pleading by Dockstader was entered in the court's docket as a "Motion to Quash Subpoena." On October 11, 2007, the government wrote to Mr. Dockstrader, informing him that the court had interpreted his October 9th pleading as a motion to quash the subpoena, but not a relinquishment of his claims. The government stated that, unless Mr. Dockstader clarified his position with the court, the government would resist any motion to quash Dockstrader's subpoena because Dockstader would still be a party to the action. If, however, Mr. Dockstader clarified his position with the court, the government informed him that it would voluntarily withdraw the subpoena.

On October 17, 2007, Mr. Dockstader filed a notice with the court reiterating that he was releasing all interest or right in any of the property subject to the complaint for forfeiture, and that he had assigned all his claims to Timothy Jewell. Mr. Dockstader asked the court to quash the subpoena currently served on him for his deposition since he was relinquishing any right to the property.

Shortly thereafter, on November 19, 2007, Timothy Jewell, also appearing *pro se,* filed a Claim of Right or Title Statement asserting an ownership interest in the Minnesota and Utah bank accounts, but not the South Dakota bank account.

On November 26, 2007, the district court granted Mr. Dockstader's motion to quash the subpoena that had been served on him.

On November 30, 2007, Mr. Jewell filed a Support Statement of Interest in Claim.  In this document, Mr. Jewell stated that Mr. Dockstader owed money to Mr. Jewell under a contract for the purchase of a business from Mr. Jewell; that Dockstrader was in default under the contract; and that Dockstader had assigned his interest in the Minnesota and Utah bank accounts to Mr. Jewell in order that the funds be applied to Dockstader's debt with Mr. Jewell.  Mr. Jewell's support statement was accompanied by a document in which Mr. Dockstader assigned his interest in the bank accounts to Mr. Jewell on January 3, 2007.  Mr. Jewell also supported his statement with a copy of Mr. Dockstader's notice to the district court, dated October 2, 2007, that he was relinquishing all claim to the property which was the subject of the government's forfeiture complaint.

The government moved to strike Mr. Jewell's Claim of Right or Title Statement as well as his Support Statement of Interest, arguing that Jewell lacks standing to assert a claim in this matter because he did not file a proof of claim within the 30 days of service of the complaint provided for in applicable procedural rules.  The government does not address the assignment by Mr. Dockstader of his interest in two of these bank accounts to Mr. Jewell.  Nor does the government address whether Mr. Dockstader's pleadings were

sufficient to confer standing upon him.  The government's motion to strike was

referred to this magistrate judge for decision by the district court, the

Honorable Karen E. Schreier, Chief Judge.

### DISCUSSION

Section 983 of Title 18 provides in pertinent part as follows:

(a) **Notice; claim; complaint–**

    *   *   *

(4)(A) In any case in which the Government files in the appropriate
United States district court a complaint for forfeiture of property,
any person claiming an interest in the seized property may file a
claim asserting such person's interest in the property in the
manner set forth in the Supplemental Rules for Certain Admiralty
and Maritime Claims, except that such claim may be filed not later
than 30 days after the date of service of the Government's
complaint or, as applicable, not later than 30 days after the date of
final publication of notice of the filing of the complaint.

(B) A person asserting an interest in seized property, in accordance
with subparagraph (A), shall file an answer to the Government's
complaint for forfeiture not later than 20 days after the date of the
filing of the claim.

(b) **Representation**–

(1)(A) If a person with standing to contest the forfeiture of property
in a judicial civil forfeiture proceeding under a civil forfeiture
statute is financially unable to obtain representation by counsel,
and the person is represented by counsel appointed under section
306A of this title in connection with a related criminal case, the
court may authorize counsel to represent that person with respect
to the claim.

   (B) In determining whether to authorize counsel to represent
a person under subparagraph (A), the court shall take into account
such factors as–

> (i)     the person's standing to contest the forfeiture;
>          and
> (ii)    whether the claim appears to be made in good
>          faith.

<u>See</u> 18 U.S.C. § 983(a)4)(A), and (b)(1)(A) and (B).

Upon the record presented to this court, it appears that Mr. Dockstader made a proper claim under § 983 because he filed a response to the government's complaint within 30 days of having the complaint served upon him.  The government never contested Mr. Dockstader's standing.

It also is undisputed that Mr. Jewell did not file a response within the 30 days required by § 983.  However, the government, in its motion, does not address whether Mr. Dockstader, having made a valid claim, could transfer his rights in his claim to Mr. Jewell.

In a forfeiture case, as in any other federal case, the claimant must have standing in order to contest a forfeiture proceeding against certain property. <u>United States v. One Lincoln Navigator 1998</u>, 328 F.3d 1011, 1013 (8th Cir. 2003).  Article III standing in a forfeiture case "turns on whether the claimant has sufficient ownership interest in the property to create a case or controversy."  <u>Id.</u>  As the Eighth Circuit has noted, this "threshold burden is not rigorous: 'To have standing, a claimant need not prove the underlying merits of the claim.  The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property.' "  <u>Id.</u> (quoting <u>United States v. 7725 Unity Ave. N.</u>, 294 F.3d 954, 957 (8th Cir.

2002)).  A claimant may demonstrate a "colorable ownership interest" by

showing "actual possession, control, title and financial stake."  Id.  Ownership

interests are defined by the law of the state in which the interest arose.  Id.  A

claimant's ability to demonstrate a prima facie case of ownership confers

standing, but does not determine the merits of his or her ultimate claim to

ownership in the forfeiture action.  Id.

In United States v. Thirteen Thousand Dollars in U.S. Currency, 733

F.2d 581, 583-584 (8th Cir. 1984), superceded by statute as recognized in,

United States v. Trotter, 912 F.2d 964 (8th Cir. 1990), the Eighth Circuit

recognized for purposes of standing the validity of a defendant's assignment of

his interest in $13,000 to his attorneys where the cash was the subject of a

civil forfeiture action by the government.  Specifically, the court found that the

attorneys had standing to make a claim to the cash in the forfeiture action.  Id.

In United States v. 37.29 Pounds of Semi-Precious Stones, 7 F.3d 480,

481-483 (6th Cir. 1993), overruled on other grounds, United States v. James

Daniel Good Real Property, 510 U.S. 43 (1993), the government contested the

standing of an assignee of a party who had had an interest in the forfeiture

property.  The Sixth Circuit held that a person must have standing to become a

claimant in a forfeiture action, but that standing would be found upon the

person making a facially colorable interest in the proceedings sufficient to

satisfy the case-or-controversy requirement.  Id. at 483.  "Where the party

challenging the forfeiture is not the person in possession of the property at the time it was seized, but instead purports to be an assignee of that person, the putatitve assignee, in order to have standing, must prove that (1) the assignor had a valid ownership interest in the property, and (2) the assignment was valid." Id.

In United States v. 1977 Porsche Carrera 911, 946 F.2d 30, 32 (5th Cir. 1991), a defendant in a criminal action assigned his rights in his Porsche Carrera 911 to his criminal defense attorney in partial satisfaction of legal fees the defendant owed to the attorney. The attorney had physical possession of the vehicle, but the attorney did not register his change of title until after the government had seized the vehicle from the attorney. Id. at 32-33. The attorney asserted a claim in the civil forfeiture action, and the government challenged his standing. Id. The court held that a party seeking to assert a claim in a forfeiture action "must first demonstrate a lawful possessory interest of either a legal or equitable nature in the seized item sufficient to satisfy the court of his standing to contest the forfeiture." Id. The court stated that "a bailee or agent has standing to attack a forfeiture of property subject to a lawful or even 'colorably lawful' bailment or agency." Id. Under the facts of this case, the Fifth Circuit concluded that the attorney had demonstrated a possessory interest sufficient to satisfy the standing threshold and allow him to assert a claim in the forfeiture action. Id.

Because the government never discusses or mentions, in its brief, the assignment from Harvey Dockstader, Jr. to Timothy Jewell, the government also never discusses whether that assignment was valid to vest Jewell with standing in this matter.  In addition, whether Jewell can make out a prima facie ownership interest pursuant to the assigment sufficient to confer standing on him is determined by state law.  The government does not address which state's law would apply to the analysis of Jewell's potential property interest. The court finds that the record is inadequate to resolve the issue of Jewell's standing.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that the government and Mr. Jewell shall file supplemental briefs with the court not later than 5 p.m. Mountain Time on March 28, 2008, addressing the following questions:

1.   Whether Harvey Dockstader, Jr.'s pleadings filed in this matter were sufficient to confer standing on him.

2.   If Mr. Dockstader had standing, whether the assignment of his interest in this forfeiture action to Timothy Jewell was sufficient to enable Mr. Jewell to make out a prima facie case of ownership to the property so that Mr. Jewell has standing.  In addressing this

9

second issue, the court requests that the parties analyze which

state's law applies to determine Mr. Jewell's property interest(s).

Dated March 10, 2008.

        BY THE COURT:

        /s/ *Veronica L. Duffy*

        VERONICA L. DUFFY
        UNITED STATES MAGISTRATE JUDGE