UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CIV. 05-4145-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | ON PLAINTIFF'S MOTION TO |
| THREE BANK ACCOUNTS | ) | STRIKE |
| DESCRIBED AS: | ) | |
| | ) | |
| Bank Account #9142908, at First | ) | |
| Bank & Trust, Brookings, South | ) | |
| Dakota; | ) | |
| | ) | |
| Bank Account #1060000773, at | ) | |
| Minnwest Bank, Ortonville, | ) | |
| Minnesota; and | ) | |
| | ) | |
| Bank Account #111007191, at Far | ) | |
| West Bank, St. George, Utah, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION AND FACTS**

The government filed its complaint in this matter on September 19, 2005, alleging a right to condemnation and forfeiture of the three named bank accounts pursuant to 18 U.S.C. § 981(a)(1)(A) and (C). The complaint lists three defendant properties: (1) a bank account in the amount of $2,169.50 in Brookings, South Dakota; (2) a bank account in the amount of $841.79 in Ortonville, Minnesota; and (3) a bank account in the amount of $1,212.61 in St. George, Utah. The government asserted that the funds had been used in a

crime.  Specifically, the government asserted that Robert Woldt and Timothy Jewell had violated 18 U.S.C. § 1956 by engaging in a pyramid scheme involving "gifting" and bank debentures.  The government's prayer for relief asks for a judgment of condemnation and forfeiture of the three bank accounts.

The government mailed a copy of the complaint, a summons, and a Notice of Civil Forfeiture to Robert Woldt, Shirley Woldt, Timothy Jewell, and Harvey Dockstader, Jr. via certified mail.   The Woldts received the pleadings on September 22, 2005.  Timothy Jewell and Harvey Dockstader received the documents at roughly the same time, although the exact date is not documented.

Harvey Dockstader**,** Jr., appearing *pro se*, filed a document in response to the government's complaint on October 17, 2005.  <u>See</u> Docket 7.  This document is entitled "Statement of Interest or Right (Claim)" and it is also captioned as "Claimant's Response to Plaintiff's Notice of Civil Seizure and Complaint for Forfeiture."  <u>Id.</u>  Mr. Dockstader verified that the statements in the document were true and signed under penalty of perjury, affixing his notarized signature to the document.  <u>Id.</u>  In the document, Mr. Dockstader denied that the Minnesota account in the amount of $841.79 and Utah account in the amount of $1,212.61 had been used to commit or to facilitate the commission of violations of 18 U.S.C. § 1956 and, as such, that such accounts were not liable to condemnation and forfeiture.  Mr. Dockstader

2

further asserted that the government had seized these funds from him illegally.

He also asserted that he had accumulated the seized funds in these two bank

accounts by lawful means and that he was entitled to their quiet enjoyment.

Mr. Dockstader asserted that he had not been convicted nor had he confessed

to any crime or wrongdoing.  Mr. Dockstader specifically referenced the

government's allegations that the money was used in violations of 18 U.S.C. §

1956 and Mr.Dockstader specifically denied these allegations.[1]  Mr. Dockstader

further asserted that the two accounts were not subject to any liens or

encumbrances.  He then prayed for an order finding that the money in the two

bank accounts referenced was not subject to forfeiture and was the legal

property of Harvey Dockstader, Jr. and ordering the government to return that

property to Mr. Dockstader.

Shirley Woldt, also appearing *pro se*, filed a response to the complaint on

October 25, 2005.  Neither Robert Woldt nor Timothy Jewell filed a response to

the government's complaint in 2005 or 2006.  The district court issued a

scheduling order in the case and the parties began the process of discovery.

On August 30, 2007, the government filed a notice to take the deposition

of Mr. Dockstader on October 26, 2007.  On October 9, 2007, Mr. Dockstader

filed a document entitled Statement of Release in Interest or Right (Release

---

[1]A nationwide search of federal court cases in the PACER database
reveals no federal criminal case against either Harvey Dockstader, Jr., Shirley
Woldt, Robert Woldt, or Timothy Jewell.

Claim).  In this document, Mr. Dockstader recited the following:  (1) that in December 2004, he had entered into an agreement with Timothy Jewell to purchase two companies owned by Jewell; (2) that, owing to the government's seizure of money belonging to Dockstader, he had defaulted on his purchase agreement with Jewell; (3) that Dockstader had assigned his interest in the property which was the subject of this forfeiture proceeding to Jewell on January 3, 2007; (4) that Dockstader was relinquishing all further claims to the property in this action; and (5) that it would pose an unnecessary financial and emotional stress to Dockstader to make him travel from his home in Arizona to South Dakota, the location where the government indicated it intended to take Dockstader's deposition.

This pleading by Dockstader was entered in the court's docket as a "Motion to Quash Subpoena."  On October 11, 2007, the government wrote to Mr. Dockstader, informing him that the court had interpreted his October 9th pleading as a motion to quash the subpoena, but not a relinquishment of his claims.  The government stated that, unless Mr. Dockstader clarified his position with the court, the government would resist any motion to quash Dockstader's subpoena because Dockstader would still be a party to the action. If, however, Mr. Dockstader clarified his position with the court, the government informed him that it would voluntarily withdraw the subpoena.

4

On October 17, 2007, Mr. Dockstader filed a notice with the court reiterating that he was releasing all interest or right in any of the property subject to the complaint for forfeiture, and that he had assigned all his claims to Timothy Jewell.  Mr. Dockstader asked the court to quash the subpoena currently served on him for his deposition since he was relinquishing any right to the property.

Shortly thereafter, on November 19, 2007, Timothy Jewell, also appearing *pro se*, filed a Claim of Right or Title Statement asserting an ownership interest in the Minnesota and Utah bank accounts, but not the South Dakota bank account.

On November 26, 2007, the district court granted Mr. Dockstader's motion to quash the subpoena that had been served on him.

On November 30, 2007, Mr. Jewell filed a Support Statement of Interest in Claim.  In this document, Mr. Jewell stated that Mr. Dockstader owed money to Mr. Jewell under a contract for the purchase of a business from Mr. Jewell; that Dockstader was in default under the contract; and that Dockstader had assigned his interest in the Minnesota and Utah bank accounts to Mr. Jewell in order that the funds be applied to Dockstader's debt with Mr. Jewell.  Mr. Jewell's support statement was accompanied by a document in which Mr. Dockstader assigned his interest in the bank accounts to Mr. Jewell on January 3, 2007.  Mr. Jewell also supported his statement

5

with a copy of Mr. Dockstader's notice to the district court, dated October 2, 2007, that he was relinquishing all claim to the property which was the subject of the government's forfeiture complaint.

The government moved to strike Mr. Jewell's Claim of Right or Title Statement as well as his Support Statement of Interest, arguing that Jewell lacks standing to assert a claim in this matter because he did not file a proof of claim within the 30 days of service of the complaint provided for in applicable procedural rules.  The government did not address the assignment by Mr. Dockstader of his interest in two of these bank accounts to Mr. Jewell.  Nor did the government address whether Mr. Dockstader's pleadings were sufficient to confer standing upon him.  The government's motion to strike was referred to this magistrate judge for decision by the district court, the Honorable Karen E. Schreier, Chief Judge.

## DISCUSSION

Based on the above details, this court issued an order for supplemental briefing from the parties on two issues:  (1) whether the document filed by Harvey Dockstader, Jr. on October 17, 2005, was sufficient to confer standing upon him, and (2) if Mr. Dockstader had standing, whether his assignment of his interest in this litigation was sufficient to confer standing upon Mr. Jewell. The government responded to the court's request for supplemental briefing by arguing that Mr. Dockstader's pleading was not sufficient to confer standing

6

upon him.  In the event the court disagrees with this conclusion, the government urges the court *not* to decide whether the assignment could confer standing upon Mr. Jewell, instead asking the court to delay the determination of this issue until such time as the government can submit a summary judgment motion on this issue.  Accordingly, the court accepts the government's representation that the issue of the assignment is appropriately left to summary judgment practice and will restrict its analysis to whether Mr. Dockstader had established standing for himself.

## A.    Clarification of "Standing"

As an initial matter, the court notes that there are two types of "standing" in forfeiture cases:  Article III standing and statutory standing.  The Eighth Circuit has explained that Article III standing depends upon the threshold issue of whether a claimant in a forfeiture action can state a colorable property interest in the defendant property while "statutory standing" goes to the merits of whether the claimant will prevail upon his claim of ownership of the property.  See United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1013-1014 (8TH Cir. 2003).  There are a number of distinctions between the two types of standing.  Whether a claimant can state a colorable property interest for purposes of establishing Article III standing depends on state law.  Id.  However, whether a claimant can establish an ownership interest sufficient to enable him to prevail on the merits of his claim for

7

purposes of statutory standing is determined by federal law.  Id. at 1015 (citing 18 U.S.C. § 983).  Article III standing is an issue for the court; statutory standing presents an issue for the finder of fact at trial.  Id. at 1013-1015.[2]

The government represents that the issue of Mr. Dockstader's standing is an issue for the court not the jury.  The government's position is that by filing a single document, and failing to file a verified claim and a separate answer, Mr. Dockstader has not established statutory standing.  Notwithstanding the discussion in One Lincoln Navigator that "statutory standing" is an issue for the jury, other courts have clarified that one who wishes to contest a forfeiture proceeding must satisfy the procedural requirements for filing a verified claim and an answer in order to confer "statutory standing" on himself, and that the question as to whether these procedural requirements have been met is an issue for the court.  See United States v. $487,825, 484 F.3d 662, 664-665 (3d Cir. 2007).[3]

_____

[2]Like all fact issues, however, summary judgment may be appropriate to determine statutory standing if there are no material issues of fact and the moving party demonstrates that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; One Lincoln Navigator, 328 F.3d at 1013-1015.

[3]As to Article III standing, the claimant must meet a threshold burden of establishing "sufficient ownership interest in the property to create a case or controversy.  This threshold burden is not rigorous:  'To have standing, a claimant need not prove the underlying merits of the claim.  The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property.' " Id. at 1013 (quoting United States v. 7725 Unity Ave. N., 294 F.3d 954, 957 (8th Cir. 2002)).  "We have held in a number of cases that a colorable ownership interest 'may be evidenced in a number of ways including showings of actual possession, control, title and financial stake.' " Id.

The issue presented by the government's motion is whether Harvey Dockstader, Jr. has put the government on notice of his claim to two of the three accounts seized in this case sufficient to simply enable him to *appear* as a claimant.  It would then remain to be decided, at some future date, whether, on the merits, Mr. Dockstader's assignment of his interests to Timothy Jewell is or is not sufficient to confer standing on Jewell and whether Jewell can prevent forfeiture of the property.  With this understanding, the court moves on to consider the government's argument that, by failing to file both an answer to the government's complaint *and* a separate verified claim, Harvey Dockstader Jr.  has failed to establish standing sufficient to allow the court to consider the merits of his claim.

**B.      Whether Mr. Dockstader Has Standing**

Whether Mr. Dockstader's October 17, 2005, pleading was sufficient to confer standing upon him requires, as a starting point, an analysis of 18 U.S.C. § 983 and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Cases.

Section 983 of Title 18 provides in pertinent part as follows:

(a) **Notice; claim; complaint–**

> \*      \*      \*

---

(quoting <u>United States v. One 1945 Douglas C-54 Aircraft</u>, 647 F.2d 864, 866 (8th Cir. 1981)).

> (4)(A) In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.
>
> (B) A person asserting an interest in seized property, in accordance with subparagraph (A), shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim.

See 18 U.S.C. § 983(a)(4)(A).   The court notes that this statute uses the mandatory "***shall***" in describing a claimant's obligation to file an ***answer*** to the government's complaint of forfeiture, but the statute uses the permissive "***may***" in describing a claimant's obligation to file a ***claim***.  Compare 18 U.S.C. § 983(a)(4)(A) with subsection (a)(4)(B).  Both subsections of the statute address what a person "claiming" or "asserting" an interest in seized property should do if they wish to have the court determine their interest in the property.  One's reasonable conclusion upon reading this statute might be that, while the filing of an "answer" is mandatory in order to contest forfeiture ("shall"), the filing of a "claim" is not mandatory in order to contest forfeiture ("may").

Rule C of the Supplemental Rules for Certain Admiralty and Maritime Cases also addresses the procedure a claimant in a forfeiture action must take to assert an interest in the defendant property and avoid forfeiting the property to the government.  Rule C provides in pertinent part as follows:

10

**(1)**   **When Available.**   An action in rem may be brought:

   (a)   To enforce any maritime lien;

   (b)   Whenever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto.

Except as otherwise provided by law a party who may proceed in rem may also, or in the alternative, proceed in personam against any person who may be liable.

Statutory provisions exempting vessels or other property owned or possessed by or operated by or for the United States from arrest or seizure are not affected by this rule.  When a statute so provides, an action against the United States or an instrumentality thereof may proceed on in rem principles.

   * * * * * *

**(4)**   **Notice.**   No notice other than execution of process is required when the property that is the subject of the action has been released under Rule E(5).  If the property is not released within 10 days after execution, the plaintiff must promptly–or within the tine that the court allows–give public notice of the action and arrest [of the property] in a newspaper designated by the court order and having general circulation in the district, but publication may be terminated if the property is released before publication is completed. . .

   * * * * * *

**(6)**   **Responsive Pleading; Interrogatories**.

   (a)   Civil Forfeiture**.**   In an in rem forfeiture action for violation of a federal statute:

      (i)   a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right:

11

> > (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
> >
> > (B) within the time that the court allows;
> >
> > (ii) an agent, bailee, or attorney must state the authority to file a statement of interest in or right against the property on behalf of another; and
> >
> > (iii) a person who files a statement of interest in or right against the property must serve an answer within 20 days after filing the statement.

See Rule C(1) and (6)(a), Supplemental Rules for Admiralty and Maritime

Cases.[4]

In addition to the existence of section 983 and Rule C, referenced above,

Mr. Dockstader received notice via certified mail of the contents of Rule C.

That notice told Mr. Dockstader that he must file his verified claim with the

court within 30 days after the earlier of (1) the date of service of the

Government's complaint or (2) completed publication of notice under Rule C(4).

See Docket No. 42, ¶ 4.  The notice also told Mr. Dockstader that he must file

an answer to the government's complaint within 20 days of his filing of a

---

[4]Rule C(6) has now been amended and also largely supplanted by a new rule, Rule G of the Supplemental Rules, which makes more clear the fact that the rule applies to civil forfeiture actions.  However, Rule G did not become effective until December 1, 2006, which is *after* the relevant time frame when Mr. Dockstader was filing his pleading.  Therefore, the court applies the version of Rule C which was in effect at the time Mr. Dockstader filed his pleading and the court declines to apply Rule G.

verified claim.  Id.  The notice did not indicate that the answer and claim could not be combined into a single document.  Id.  Nor does Rule C or § 983 forbid such a practice.

"The purpose of Rule C(6) is 'to inform the court that there is a claimant to the property who wants it back and intends to defend it.' " United States v. Three Parcesl of Real Property, 43 F.3d 388, 392 (8th Cir. 1994), cert. denied, 516 U.S. 945 (1995).  The requirement that the claim be verified is intended to weed out false or frivolous claims.  United States v. $103,387.27, 863 F.2d 555, 559 (7th Cir. 1988) (citing United States v. $2,857, 754 F.2d 208, 213 (7th Cir. 1985); Baker v. United States, 722 F.2d 517, 519 (9th Cir. 1983); Untied States v. Fourteen Handguns, 524 F. Supp. 395 (S.D. Tex. 1981)).

In Three Parcels, the claimants filed notices under oath listing the defendant properties and stating that "Gilbert Dowdy et, al, [sic] claimant(s) . . . file herewith Notice of Claim to the above mentioned Defendant properties.  In support thereof Claimant(s) would state under the penalty of perjury that legal title and interests in the aforesaid Defendants bearing claimants [sic] names are the legal foundation for this Claim."  Three Parcels, 43 F.3d at 392.  The notice was then signed and dated by Gilbert Dowdy and Samuel Dowdy.  Id. The court held that the notices did not meet the requirements of Rule C(6) because they did not specify (1) which of the three properties each claimant was claiming an interest in and (2) the use of the term "et al." did not specify

13

who, besides Gilbert Dowdy, was making a claim to the defendant properties.
Id.  Since  one of the properties listed "Cannon Management" as its owner of
record and another property listed "Arthur Mitchell" as the owner, the court
noted that it was impossible to tell from the notice of claim filed whether claim
to the property was being made by either of the Dowdys, or by the owners of
record, or both.  Id.

In United States v. Ford 250 Pickup, 980 F.2d 1242, 1243-1244 (8th Cir.
1992), the claimant, Saddle Creek, timely filed a certified claim in response to
the government's complaint for forfeiture, but never filed an answer until
approximately two months after the deadline for answering had passed.  In
response to the government's motion to strike Saddle Creek's answer, Saddle
Creek argued that its timely-filed claim was sufficient, by itself, to satisfy the
requirements of an answer so that a separate answer was not necessary.  Id. at
1245.  The court held that Supplemental Rule C(6) unambiguously requires
both an answer and a claim be filed.  Id.  Furthermore, the court held that
Saddle Creek could have excused its untimely filing of its answer by showing
excusable neglect or a meritorious defense, but that Saddle Creek did not show
either of these things.  Id.  See also United States v. $487,825.00, 484 F.3d
662, 664-665 (3d Cir. 2007) (holding that, where a claimant had filed an
answer, but not a separate claim, and the answer did not contain a description

14

of the claimant's interest in the property, the answer did not fulfill the purposes of both a claim and an answer).

Other courts have accepted a single document in lieu of a separate answer and a separate verified claim where the single document meets all of the requirements of both a verified claim and an answer.  See United States v. One Urban Lot, 885 F.2d 994, 999-1000 (1st Cir. 1989) (citing Galatis v. Galatis, 55 F.2d 571, 572 (5th Cir. 1932); The Rosalie M., 12 F.2d 970, 971 (5th Cir. 1926)).  In addition, where a claimant represents himself *pro se*, some courts have found the claim requirements of Rule C(6) satisfied by coupling the government's allegations in the complaint with the claimant's statements in the claim to determine whether the two documents, read together, reasonably define the extent of the interest being claimed and the defendant's right to defend the action.  United States v. Funds From Prudential Securities, 300 F. Supp. 2d 99, 108 (D.D.C. 2004).

The government argues that the law in the Eighth Circuit is that a claimant must strictly comply with the requirements of Rule C(6) by filing both an answer and a verified claim as two separate documents.  Statements to that effect can be found in Eighth Circuit cases, but this court has yet to find an Eighth Circuit case presented with facts where a single document contained all the elements that would have been contained in a verified claim and an answer and refused to accept the single document as both the claim and answer.  See

15

Three Parcels 43 F.3d at 392 (holding that the pleading filed by claimants did not satisfy the elements of both a verified claim and an answer because it failed to specify who the claimants were and to which properties each claimant was making claim); Ford 250 Pickup, 980 F.2d at 1243-1245 (filing of claim, without answer, did not satisfy elements required in an answer and claimant, a lawyer, did not seek an extension of time from the court).

Here, the document filed by Mr. Dockstader, proceeding *pro se*, was clearly intended to fulfill both the requirement of an answer and the requirement of a verified claim.  Mr. Dockstader entitled the document a "Statement of Interest or Right (Claim)" and also "Claimant's Response to Plaintiff's . . . Complaint for Forfeiture."  Also just as obviously, the document fulfills the purpose of both documents.

A claim in a civil forfeiture action must be made under oath and subject to penalty of perjury, it must clearly state *who* is making the claim, it must state to which property claim is being made, and it must explain the basis for the claimant's claim of ownership.  Here, Mr. Dockstader clearly identifies himself as the claimant and the entirety of the funds seized from the two bank accounts from Minnesota and Utah, but not the South Dakota account, as the property to which he is making claim.  Furthermore, he clearly states the basis of his claim to ownership:  that the funds were accumulated by lawful means by himself and were not involved in the commission of any crime.   All of this is

16

verified to be true by Mr. Dockstader under penalty of perjury. The document filed by Mr. Dockstader clearly fulfills all the requirements of a verified claim. The government implicitly acknowledges as much because the only argument urged by the government is that Mr. Dockstader lacks standing because he did not file a separate "answer."

An "answer" is defined as "the response of a defendant to the plaintiff's complaint, denying in part or in whole the allegations made by the plaintiff. A pleading by which defendant endeavors to resist the plaintiff's demand by an allegation of facts, either denying allegations of plaintiff's complaint or confessing them and alleging new matter in avoidance, which defendant alleges should prevent recovery on facts alleged by plaintiff. In pleading, under the Codes and Rules of Civil Procedure, the answer is the formal written statement made by a defendant setting forth the grounds of his defense; corresponding to what in actions under the common-law practice is called the 'plea.' See Fed. R. Civ. P. 8 and 12." See Black's Law Dictionary at 91 (6th ed. 1990).

Under the Federal Rules of Civil Procedure, a party responding to a pleading, as in an "answer," must "state in short and plain terms its defenses to each claim asserted" and "admit or deny the allegations asserted against it by an opposing party." See Fed. R. Civ. P. 8(b)(1). Here, Mr. Dockstader fairly stated "in short and plain terms" his defense to forfeiture of the two accounts he identified: i.e. that the money in those two accounts had not been involved

17

in any criminal enterprise, that he had accumulated it through lawful means, and that he himself had not been charged with any crime nor had he confessed to any crime.  It is true that Mr. Dockstader did not respond to the government's assertions about the allegedly illegal activities of Timothy Jewell and Robert Woldt.  However, Rule 8 only requires Mr. Dockstader to respond to allegations asserted against *him*.  See Fed. R. Civ. P. 8(b)(1).  Since this is a forfeiture proceeding and the "defendant" is the property, Mr. Dockstader properly responded to any allegations asserted against himself personally and against the two accounts in which he asserted an interest.  Furthermore, Mr. Dockstader included a prayer for relief that unequivocally told the government the relief he wanted–a declaration by the court that the property had been wrongfully seized by the government and ordering the government to return the property to him.  The document filed by Mr. Dockstader on October 17, 2005, fulfills the purpose of an answer in every respect.

Since the document filed by Mr. Dockstader fulfills every requirement of both a verified claim and an answer, the court will not deny him standing simply because he failed to split the contents of that single document into two separate documents.  See United States v. One Urban Lot, 885 F.2d at 999-1000 (citing Galatis, 55 F.2d at 572; The Rosalie M., 12 F.2d at 971).

The court's conclusion that Mr. Dockstader has satisfied the procedural requirements of § 983 and Rule C is a conclusion that is in congruence with

the court's duty to construe pleadings "so as to do justice." See Fed. R. Civ. P. 8(e). As Wright and Miller explain, this statement "is not simply a precatory statement but [it] reflects one of the basic philosophies of practice under the federal rules." See 5 Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure, § 1286, at 747 (3d ed. 2004). Under the Federal Rules of Civil Procedure, as opposed to the old code pleading system that the federal rules replaced, "no technical forms of pleadings are required." Id. "One of the most important objectives of the federal rules is that lawsuits should be determined on their merits and according to the dictates of justice, rather than in terms of whether or not the averments in the paper pleadings have been artfully or inartfully drawn." Id. Rather than applying hyper-technical requirements to a pleading, Rule 8(e) "makes very clear, the district court is obligated to make a determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his or her favor, whenever the interest of justice so requires." Id. at 748-750. This mandate is "particularly appropriate" when, as here, the court is construing an "answer drawn by a layperson who is unskilled in the law." Id. at 752.

Nor is this general principle derived from the federal rules of procedure inconsistent with the specific law of civil forfeitures. The Supreme Court has noted in a civil forfeiture case that "[t]he dignity of the court derives from the respect accorded to its judgments. That respect is eroded, not enhanced, by

too free a recourse to rules foreclosing consideration of claims on the merits."
<u>Degen v. United States</u>, 517 U.S. 820, 828 (1996).  Where alternative means
exist to protect the government's interests, the "harsh sanction of absolute
disentitlement" to simply participate in a forfeiture action should not be
employed.  <u>Id.</u> at 827.

Upon the record presented to this court, it appears that Mr. Dockstader
made a proper claim under § 983 and Rule C  because he filed a verified claim
and a response to the government's complaint within 30 days of having the
complaint served upon him.  This document satisfied all the requirements of
both an answer and a verified claim.  The court concludes, therefore, that
Mr. Dockstader had standing.  It remains to be determined at a future date
whether Mr. Dockstader, having made a valid claim, could transfer his rights in
his claim to Mr. Jewell so as to confer standing upon Mr. Jewell and whether
he in fact properly did so.  At the government's request, this determination is
deferred until another day.

**CONCLUSION**

It is recommended that the government's motion to strike the claim of
Timothy Jewell [Docket No. 41] be denied.  Insofar as Mr. Jewell's standing is
derivative of that established by Mr. Dockstader, the court finds no flaw in
Mr. Dockstader's pleadings that would deny him standing.  The government
may raise, at its convenience, the issue of the validity of the assignment by

Mr. Dockstader of his interest in this lawsuit to Mr. Jewell and whether that failed to confer standing on Mr. Jewell.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the district court.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated April 1, 2008.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE