UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CIV. 05-4145-KES |
| | ) | CIV. 06-4005-KES |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ON MOTION TO QUASH BY |
| THREE BANK ACCOUNTS | ) | HARVEY DOCKSTADER, JR. |
| DESCRIBED AS: | ) | |
| | ) | |
| Bank Account #9142908, at First | ) | |
| Bank & Trust, Brookings, South | ) | |
| Dakota; | ) | |
| | ) | |
| Bank Account #1060000773, at | ) | |
| Minnwest Bank, Ortonville, | ) | |
| Minnesota; and | ) | |
| | ) | |
| Bank Account #111007191, at Far | ) | |
| West Bank, St. George, Utah, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 11 BANK ACCOUNTS | ) | |
| DESCRIBED AS: | ) | |
| | ) | |
| Certificate of Deposit | ) | |
| In the amount of $100,383.56 | ) | |
| Minnwest Bank | ) | |
| Luverne, Minnesota | ) | |

Certificate of Deposit        )
In the amount of $100,404.11  )
Minnwest Bank            )
Tracy, Minnesota           )
                             )
Certificate of Deposit        )
In the amount of $100,410.96  )
Minnwest Bank            )
Montivideo, Minnesota      )
                             )
Certificate of Deposit        )
In the amount of $100,465.75  )
Minnwest Bank            )
Ortonville, Minnesota       )
                             )
Bank Account              )
In the amount of $18,015.75    )
Minnwest Bank            )
Ortonville, Minnesota       )
                             )
Bank Account              )
In the amount of $76,543.07    )
Minnwest Bank            )
Ortonville, Minnesota       )
                             )
Bank Account              )
In the amount of $4,292.51      )
Brookings Federal Bank     )
Brookings, South Dakota    )
                             )
Certificate of Deposit        )
In the amount of $100,438.00  )
Minnwest Bank            )
Redwood Falls, Minnesota   )
                             )
Bank Account              )
In the amount of $170,122.48  )
American Express          )
Minneapolis, Minnesota     )

Bank Account                          )
In the amount of $2,693.54            )
Bank of America                       )
Seattle, Washington                   )
                                      )
Bank Account                          )
In the amount of $54,529.99           )
Bank of America                       )
Seattle, Washington                   )
                                      )
            Defendants.               )

## INTRODUCTION AND FACTS

### A.    Civ. No. 05-4145

The government filed its complaint in this matter on September 19,

2005, alleging a right to condemnation and forfeiture of the three named

bank accounts pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).  The complaint

lists three defendant properties:  (1) a bank account in the amount of

$2,169.50 in Brookings, South Dakota; (2) a bank account in the amount of

$841.79 in Ortonville, Minnesota; and (3) a bank account in the amount of

$1,212.61 in St. George, Utah.  The government asserted that the funds had

been used in a crime.  Specifically, the government asserted that Robert

Woldt and Timothy Jewell had violated 18 U.S.C. § 1956 by engaging in a

pyramid scheme involving "gifting" and bank debentures.  The government's

prayer for relief asks for a judgment of condemnation and forfeiture of the

three bank accounts.

The government mailed a copy of the complaint, a summons, and a

Notice of Civil Forfeiture to Robert Woldt, Shirley Woldt, Timothy Jewell, and

Harvey Dockstader, Jr. via certified mail.   The Woldts received the

pleadings on September 22, 2005.  Timothy Jewell and Harvey Dockstader

received the documents at roughly the same time, although the exact date is

not documented.

Harvey Dockstader**,** Jr., appearing *pro se*, filed a document in

response to the government's complaint on October 17, 2005.  See Docket 7.

This document is entitled "Statement of Interest or Right (Claim)" and it is

also captioned as "Claimant's Response to Plaintiff's Notice of Civil Seizure

and Complaint for Forfeiture."  Id.  Mr. Dockstader asserted an interest in

the Minnesota account in the amount of $841.79 and Utah account in the

amount of $1,212.61 and denied that these accounts had been used to

commit or to facilitate the commission of violations of 18 U.S.C. § 1956.

On October 9, 2007, Mr. Dockstader filed a document entitled

Statement of Release in Interest or Right (Release Claim).  In this document,

Mr. Dockstader recited the following:  (1) that in December 2004, he had

entered into an agreement with Timothy Jewell to purchase two companies

owned by Jewell; (2) that, owing to the government's seizure of money

belonging to Dockstader, he had defaulted on his purchase agreement with

Jewell; (3) that Dockstader had assigned his interest in the property which

was the subject of this forfeiture proceeding to Jewell on January 3, 2007;

(4) that Dockstader was relinquishing all further claims to the property in

4

this action; and (5) that it would pose an unnecessary financial and emotional stress to Dockstader to make him travel from his home in Arizona to South Dakota, the location where the government indicated it intended to take Dockstader's deposition.

This pleading by Dockstader was entered in the court's docket as a "Motion to Quash Subpoena." On October 11, 2007, the government wrote to Mr. Dockstader, informing him that the court had interpreted his October 9th pleading as a motion to quash the subpoena, but not a relinquishment of his claims. The government stated that, unless Mr. Dockstader clarified his position with the court, the government would resist any motion to quash Dockstader's subpoena because Dockstader would still be a party to the action. If, however, Mr. Dockstader clarified his position with the court, the government informed him that it would voluntarily withdraw the subpoena.

On October 17, 2007, Mr. Dockstader filed a notice with the court reiterating that he was releasing all interest or right in any of the property subject to the complaint for forfeiture, and that he had assigned all his claims to Timothy Jewell. Mr. Dockstader asked the court to quash the subpoena currently served on him for his deposition since he was relinquishing any right to the property. On November 26, 2007, the district court granted Mr. Dockstader's motion to quash the subpoena that had been served on him.

Thereafter, on January 15, 2008, the government served

Mr. Dockstader with a subpoena requiring his attendance at a deposition on

January 30, 2008, and requesting that Mr. Dockstader produce certain

documents at that deposition in the two cases reflected in the above

caption, as well as one other related civil forfeiture case.[1]  Mr. Dockstader

has moved to quash this subpoena.  Mr. Dockstader's motion to quash was

referred to this magistrate judge for decision by the district court, the

Honorable Karen E. Schreier, Chief Judge.

**B.    Civ. No. 06-4005**

The government filed a verified complaint in this case on January 12,

2006, and an amended verified complaint before any responsive pleading

was entered on January 19, 2006.[2]  The government's complaint seeks civil

forfeiture of the eleven above-described bank accounts totaling

$828,299.72, alleging that the bank accounts were used to commit criminal

acts in violation of 18 U.S.C. § 1956.  See Docket 5.  Specifically, the

---

[1]The government's subpoena is captioned in the name of three cases: Civ. 05-4145, Civ. 06-4016, and Civ. 06-4005.  Mr. Dockstader's motion to quash is also captioned in all three cases.  Although the motion in case no. 06-4016 was not referred to this magistrate judge for determination, the court will consider the scope of discovery in all three cases in evaluating Mr. Dockstader's objections to the government's subpoena.

[2]The original complaint listed 12 defendant bank accounts, including three bank accounts in Seattle, Washington.  The amended complaint dropped one of the Seattle bank accounts in the amount of $10,619.42 from this action.  Compare Docket No. 1 with Docket No. 5.

6

government alleges that the bank accounts were used in an illegal pyramid/bank debenture scheme.  Id.  The government alleges that Timothy Jewell and Robert Woldt are currently being investigated regarding this alleged illegal activity.[3]  Id.

Two of the bank accounts, located in Seattle, Washington, were held in the name of Timothy Jewell.  See Docket 8, Return of Service.[4]  Six of the bank accounts were in Minnesota in the name of American Old Time, American Old Time Corp., or American Old-Time Corp.  Id.  One Minnesota account was in the name of Project Anothen and another Minnesota account was in the name of Transworld Refinancing Establishment, Inc.  Id.  The lone South Dakota bank account in the amount of $4,292.51 was held in the name of Marketing International.  Id.

Only Timothy Jewell and Robert Woldt responded in opposition to the government's complaint for forfeiture in the 11 bank accounts case.  Harvey Dockstader Jr. has never been a party to this case.  The subpoena served on him, however, is captioned in this case, as well as the 3 bank accounts case and one other related case.  Mr. Dockstader's objections to the government's subpoena are identical to those filed in the 11 bank accounts case.

---

[3]Neither party has indicated whether Mr. Jewell or Mr. Woldt were ever indicted on criminal charges.  A search of federal court cases does not reveal any criminal action pending against Mr. Jewell.

[4] The proof of service lists the original twelve bank accounts rather than the eleven bank accounts listed in the amended complaint.

7

## DISCUSSION

### A.    The Government's Subpoena *Duces Tecum*

The subpoena which the government served on Mr. Dockstader, a nonparty, commanded him to appear for a deposition on January 30, 2008, fifteen days from the date of service of the subpoena, and also commanded him to produce the following documents at that deposition:

> Any and all documents, whether in paper or electronic form, from 1999 to the present, including but not limited to financial records that have not already been provided to the United States relating to Dataport, or Dataport Inc., Intware, Humanitarian Effort, HEI, Jacobs Ladder, Shared Abundance, Altruistic Ministries, Elite Activities, Turbo ISP, Black Rhino, Mountainaire (Mountainare) Equity, Jewell Properties, Inc., or Jewell Properties, Tim Jewell, Timothy Jewell, Robert Woldt, Robert Woldt II, Marketing International, Brookings Livestock, Project Another, Project Anothen, American Old Time Corporation, Shirley Ann Woldt, Sue Ann Mouw, Mikandy, Minnesota West Title Company, Transworld Refinancing Establishment, R.W. Cattle, America Old Time Corporation, Todd Jewell, Adept Escrow, Prosper Forever, Transworld, Nobel Ministries, and Brookings Cattle. This request for financial records specifically includes tax returns for the aforementioned businesses from 1999 to the present and video tapes promoting or marketing the aforementioned businesses.

See Civ. No. 05-4145, Attachment to Government's Response to Motion to Quash, Docket No. 51.

Mr. Dockstader filed a motion to quash the subpoena, in which he did not object to appearing for the purpose of having his deposition taken, but in which he made certain objections to the document requests made in the subpoena. It is the court's understanding that Mr. Dockstader's deposition

8

has now been taken, but that no documents were produced by

Mr. Dockstader at or subsequent to that deposition.

**B.     Rule 45**

Rule 45 of the Federal Rules of Civil Procedure govern the production

of documents via subpoena by nonparties.  That rule provides in pertinent

part as follows:

(c)     Protecting a Person Subject to a Subpoena.

(1)     Avoiding Undue Burden or Expense; Sanctions.  A
party or attorney responsible for issuing and serving a
subpoena must take reasonable steps to avoid
imposing undue burden or expense on a person
subject to the subpoena.  The issuing court must
enforce this duty and impose an appropriate
sanction–which may include lost earnings and
reasonable attorney's fees–on a party or attorney who
fails to comply.

(2)     Command to Produce Materials or Permit Inspection.
* * * *

(B)     Objections.  A person commanded to produce
documents or tangible things or to permit
inspection may serve on the party or attorney
designated in the subpoena a written objection
to inspecting, copying, testing or sampling any
or all of the materials or to inspecting the
premises–or to producing electronically stored
information in the form or forms requested.  The
objection must be served before the earlier of the
time specified for compliance or 14 days after
the subpoena is served.  If an objection is made,
the following rules apply:

(i)     At any time, on notice to the commanded
person, the serving party may move the

9

issuing court for an order compelling production or inspection.

(ii)     These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)     Quashing or Modifying a Subpoena.

(A)     When Required.  On timely motion, the issuing court must quash or modify a subpoena that:

(i)     fails to allow a reasonable time to comply;

(ii)     requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly tranacts business in person–except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend trial by traveling from any such place within the state where the trial is held;

(iii)     requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)     subjects a person to undue burden.

(B)     When Permitted.  To protect a person subject ot or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i)     disclosing a trade secret or other confidential research, development, or commercial information;

        (ii)    disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

        (iii)   a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

    (C)    Specifying Conditions as an Alternative.  In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

        (i)    shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

        (ii)   ensures that the subpoenaed person will be reasonably compensated.

(d)    Duties in Responding to a Subpoena.

    (1)    Producing Documents or Electronically Stored Information.  These procedures apply to producing documents or electronically stored information:

        (A)   Documents.  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

        (B)   Form for Producing Electronically Stored Information Not Specified.  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is

11

ordinarily maintained or in a reasonably usable form or forms.

(C)     Electronically Stored Information Produced in Only One Form.  The person responding need not produce the same electronically stored information in more than one form.

(D)     Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)     Claiming Privilege or Protection.

(A)     Information Withheld.  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)      expressly make the claim; and

(ii)     describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)     Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation

material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who provided the information must preserve the information until the claim is resolved.

(e)   Contempt.  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

See Fed. R. Civ. P. 45(c), (d), and (e).

Mr. Dockstader has a number of objections to the government's request for documents.

## C.   Mr. Dockstader's Objections to the Government's Request

### 1.   Duplication

Mr. Dockstader objects to the government's document request on the grounds that they require him to duplicate the production of documents he has already made to the government.  The court finds this objection to be spurious as the government's request by its very terms specifically excludes

13

documents that have already been provided to the government. This objection by Mr. Dockstader is overruled.

Mr. Dockstrader also states that, with the exception of some discs provided to "SA Matt Miller," he has not been notified of any documents produced to the government by others. The claim of duplication protects a person from having to produce documents in his possession that he has already produced in discovery. It does not protect a person from having to produce documents in the first instance that may also have been produced to the government previously by a third party. Here, in order to satisfy his objection, the government would be required to give Mr. Dockstader, a nonparty, a complete inventory of documents received from other sources and then excuse Mr. Dockstader from producing anything that might be duplicative. The government has no such duty to Mr. Dockstader. The objection that the documents requested might be duplicative of documents received from third parties is not a valid objection.

## 2.    Expense and Undue Burden

Mr. Dockstader's second objection is that responding to the government's request would cause him to incur substantial financial expense and undue burden. Mr. Dockstader does not favor the court with any explanation for why this would be so. Only the bare-bones allegation is offered up. The court finds that this objection is not supported by facts or

argument and, accordingly, overrules the objection.  If Mr. Dockstader believes there are specific facts and law which support this allegation, he may renew his motion and provide the court with those facts and law.  For example, if it is simply a matter of making copies of original documents which Mr. Dockstader already has in his possession, the court would need to know that.  As to such documents, the government has offered to copy these documents at its own expense.

If, instead, Mr. Dockstader is concerned about having to obtain documents for a fee from a financial institution or other business, the court would need to know that and to know the estimated expense.  No information having been provided, the objection cannot be sustained.  There is no evidence of undue expense or burden.

### 3.    Irrelevancy

Mr. Dockstader also objects to providing the requested documents on the grounds that financial information and documentation detailing financial transactions, and the relationship between Dataport Inc. and Elite Activity are irrelevant.  Again, Mr. Dockstader does not allege any facts or law in support of his bare-bones assertion of irrelevancy.  Dataport is mentioned in the government's complaints for forfeiture as central to the alleged money laundering scheme.  Certainly the activities of Dataport are

15

relevant.  Neither the government nor Mr. Dockstader favor the court with

an explanation of what Elite Activity is and its relationship to Dataport.

The scope of discovery under the Federal Rules of Civil Procedure is

extremely broad.  See 8 Charles A. Wright & Arthur R. Miller, Federal

Practice & Procedure § 2007, 94-95 (2d ed. 1994) (hereinafter "Wright &

Miller").   The reason for the broad scope of discovery is that "[m]utual

knowledge of all the relevant facts gathered by both parties is essential to

proper litigation.  To that end, either party may compel the other to disgorge

whatever facts he has in his possession."  8 Wright & Miller, § 2007, 96

(quoting Hickman v. Taylor, 329 U.S. 495, 507-08 (1947)).  The Federal

Rules distinguish between discoverability and admissibility of evidence.

Fed. R. Civ. P. 26(b).  Therefore, the rules of evidence assume the task of

keeping out incompetent, unreliable, or prejudicial evidence at trial.  See

Fed. R. Evid. 401, 402, 403, and 404.  These considerations are not

inherent barriers to discovery, however.  See Fed. R. Civ. P. 26(b).

Accordingly, Mr. Dockstader's objection that the evidence sought is

"irrelevant" is overruled for lack of any supporting facts or law.

### 4.      Documents Not in Mr. Dockstader's Possession

Mr. Dockstader objects to being commanded to produce documents

which he has never had in his possession, and specifically lists several

businesses the financial records for which he claims never to have

16

possessed.  The government clarifies that it is not requesting

Mr. Dockstader to obtain documents that are not in his possession, but

cautions against a narrow interpretation of "possession."

      Rule 34 of the Federal Rules of Civil Procedure applies only to the

production of documents by a *party*.  <u>See</u> Fed. R. Civ. P. 34.  However, the

advisory committee notes to Rule 45, which is applicable to *nonparties*,

specifically provides that, "[t]he non-party witness is subject to the same

scope of discovery under this rule as that person would be as a party to

whom a request is addressed pursuant to Rule 34."  <u>See</u> Fed. R. Civ. P. 45,

1991 Advisory Committee Notes.  <u>See also</u> 8A Charles A. Wright, Arthur R.

Miller & Richard L. Marcus, <u>Fed. Practice & Procedure</u>, § 2209 at 391 (2d

ed. 1994).  Rule 34 requires a party to produce documents that are within

the party's "possession, custody, and control."  <u>See</u> Fed. R. Civ. P. 34.

      Under Rule 34, and by extension under Rule 45, documents are

within a person's "possession, custody or control" if he "has the legal right

to obtain the document, even though in fact [he] has no copy" actually in his

possession.  8A Wright, Miller & Marcus, <u>Fed. Practice & Procedure</u>, § 2210

at 397.  Thus, if a party has turned a document over to his attorney or to

his insurance company, the document is within his "control" and must be

produced pursuant to a discovery request for the document.  <u>Id.</u>  Also, if the

party can obtain the document upon request, as from his bank, it is within

his "control" because he has the legal right to obtain the document.  <u>Id.</u> Such documents must also be produced if requested through a proper discovery request such as a subpoena.

To the extent the government's subpoena asks for documents from Mr. Dockstader which he does not have in his possession or custody, and as to which he has no legal right to obtain the document, Mr. Dockstader's objection is sustained.  He need not produce documents which fall into this category.  However, Mr. Dockstader has an obligation to produce those documents which are actually in his possession or custody, or to which he has a legal right to obtain the document.  As to documents falling within this category, Mr. Dockstader's objection is overruled.  These types of documents requested by the government must be produced.

### 5.    Documents Post-Dating the Government's Complaint

Mr. Dockstader also objects to producing any documents that post-date the date that the accounts in this matter were seized.  Mr. Dockstader's position is that the issues in this case concern the legality of the government's seizure of the accounts and the legality of that seizure must be shown to have existed on or before the date of the seizure.  Therefore, Mr. Dockstader objects to producing any documents which post-date the seizure.

18

The accounts in the 3 bank accounts case were seized on July 27, 2005.  The accounts in the 11 bank accounts case were seized on the same date, although the complaint for their forfeiture was not filed until January 12, 2006.  The government's request includes documents dated after the date of seizure and up to the present.  Because the government filed its subpoena in January 2008, its request includes a request for documents for approximately 30 months after the date of seizure.

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") outlines rules applicable to civil forfeiture proceedings.  See 18 U.S.C. § 983.  That statute provides that in a civil forfeiture proceeding brought by the government, the government bears the burden of proving by a preponderance of the evidence that the defendant property is subject to forfeiture.  See 18 U.S.C. § 983(c)(1).  CAFRA specifically provides that "the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture. . ." See 18 U.S.C. § 983(c)(2).  The terms of CAFRA, in addition to the scope of discovery discussed above, and the distinction drawn between discoverability of evidence and its admissibility at trial, leads to the conclusion that the government's request is not irrelevant. Mr. Dockstader's objection on this ground is overruled.

19

### 6.      Right to Privacy

Finally, Mr. Dockstader objects to the government's request for documents on the grounds that producing the documents would violate his right to privacy.  Again, Mr. Dockstader recites no facts or law in support of his objection.  The government's request would, it can be surmised, result in the disclosure of documents containing social security numbers, employer identification numbers, account numbers, financial transactions, and other confidential information of a commercial nature.  Pursuant to Fed. R. Civ. P. 45(c)(3)(B) and (C) regarding disclosure of confidential commercial information, the court has the discretion to either quash the subpoena, modify the subpoena, or specify conditions as an alternative to either quashing or modifying the subpoena.

The court concludes that the best course regarding these materials, which are clearly relevant to the government's claims in its complaints, would be to provide for a protective order regarding the use, storage, and dissemination of the documents which contain such information.  The parties are in the best position to address these concerns through a protective agreement negotiated between themselves.  However, if the parties cannot negotiate the terms of such an agreement, they should notify the court and it will impose conditions through an order.

20

## CONCLUSION

It is recommended that Harvey Dockstader Jr.'s motion to quash be granted in part and denied in part in accordance with the above discussion. Any documents containing confidential information are subject to a mutually-agreeable protective agreement negotiated by the government and Mr. Dockstader.  If the parties are not able to agree upon the terms of a protective agreement, they shall notify the court and the court will issue an appropriate protective order.  As to documents which Mr. Dockstader has an obligation to produce pursuant to this order, he shall produce those documents to the government not later than May 2, 2008, at either by mailing them to the United States Attorney's Office in Sioux Falls, South Dakota, or by presenting them in person to the Assistant United States Attorney in St. George, Utah, as outlined in the government's response to Mr. Dockstader's motion to quash.

## NOTICE TO PARTIES

A motion to quash a subpoena is not a dispositive motion.  Therefore, the decision of this court can be appealed to the district court only upon a showing that the decision is clearly erroneous or contrary to law.  See 28

U.S.C. § 636(b)(1)(A).  Objections must be filed with the district court

within10 days of the date of this decision.  <u>See</u> Fed. R. Civ. P. 72(a).

Dated April 2, 2008.

BY THE COURT:

<u>/s/</u> *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

22