UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 05-4145-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ENTERING DEFAULT |
| THREE BANK ACCOUNTS | ) | JUDGMENT AS TO SHIRLEY |
| DESCRIBED AS: | ) | WOLDT |
| | ) | |
| Bank Account #9142908, at | ) | |
| First Bank and Trust, | ) | |
| Brookings, South Dakota, | ) | |
| | ) | |
| Bank Account #106000073, at | ) | |
| Minnwest Bank, | ) | |
| Ortonville, Minnesota, | ) | |
| | ) | |
| Bank Account # 111007191, at | ) | |
| Far West Bank | ) | |
| St. George, Utah, | ) | |
| | ) | |
| Defendants. | ) | |

The government moves for default judgment as to Shirley Woldt. Woldt has not responded. The motion is granted.

## DISCUSSION

The government argues that it is entitled to default judgment as to Woldt because she failed to comply with 18 U.S.C. § 983(a)(4)(B) by failing to file an answer within twenty days of filing a claim in this matter. More specifically, the government argues that Woldt received notice that after filing

her claim she had twenty days to file an answer to the government's complaint, but she failed to do so.  On June 27, 2008, at the hearing on the government's motion for default judgment, Woldt indicated that she would like an opportunity to respond to the arguments set forth by the government regarding her claim and whether it was procedurally proper.  The court granted her request and gave her twenty days to respond to the government's arguments.  Docket 98.  Over a month has passed, and she has not responded.

In the context of civil forfeiture actions, the ownership interest of the party contesting the forfeiture is considered on two levels:  a claimant must satisfy both Article III and statutory standing.  United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1013-14 (8th Cir. 2003).

**I.   Article III Standing**

Article III standing is a threshold inquiry in every federal case.  The court determines whether an individual has Article III standing.  " '[T]he question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue.' "  Id. at 1013 (citation omitted).  More specifically, "[i]n a forfeiture case, a claimant's Article III standing turns on whether the claimant has a sufficient ownership interest in the property to create a case or controversy."  Id.  But "[t]his threshold

2

burden is not rigorous: 'To have standing, a claimant need not prove the underlying merits of the claim. The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property.'" Id. (citation omitted). Colorable ownership interest may be established in a variety of ways, including "showings of actual possession, control, title and financial stake." Id. (quotations and citations omitted). Eighth Circuit law provides that in the context of the Article III standing inquiry, "ownership interests are defined by state law." United States v. Premises Known as 7725 Unity Ave., N., Brooklyn Park, Minn., 294 F.3d 954, 956 (8th Cir. 2002).

Here, Woldt has claimed an interest in the defendant property and has produced documents in support of her claim. Woldt represents that the seized money is the product of Social Security checks, checks for land rental, checks for her husband's management fee, and a check from her husband, which was repayment for a loan. Docket 8. The court finds that Woldt has established Article III standing because she has demonstrated a colorable interest in the defendant property; however, this does not mean that she has proven the underlying merits of the claim.

## II.　Statutory Standing

To establish statutory standing, a claimant must comply with the procedural requirements set forth in Supplemental Rule C(6)(a) and 18 U.S.C. § 983(a)(4)(A).  Pursuant to Supplemental Rule C(6)(a)(i), in a civil forfeiture case, "a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest."  Further, any person who files a statement of interest or right against the property must serve an answer within twenty days after filing the statement.  Supplemental Rule C(6)(a)(iv).

The requirement in Supplemental Rule C(6) that both a claim and an answer be filed is "plain and unambiguous."  United States v. United States Currency Totalling $3,817.49, 826 F.2d 785, 787 (8th Cir. 1987).  Strict compliance with Supplemental Rule C(6) requires both a claim and an answer.  United States v. Ford 250 Pickup 1990, 980 F.2d 1242, 1245 (8th Cir. 1992).  The Eighth Circuit has repeatedly held that it is not an abuse of discretion for district courts to require strict compliance with Supplemental Rule C(6).  See Ford 250 Pickup, 980 F.2d at 1244 (affirming a district court's finding that the claimant did not have standing to assert the claim because he had not filed an answer in accordance with Supplemental Rule C(6) and had not demonstrated excusable neglect, mitigating circumstances, or a good faith attempt to comply); United States v. One Parcel of Property Located at

RR2, Independence, Iowa, 959 F.2d 101, 104 (8th Cir. 1992) (affirming a district court's grant of default judgment because the claimants' claims did not comply with the verification requirement of Supplemental Rule C(6) and the government's motions to strike claimants' claims and answers were unresisted); and United States v. Beechcraft Queen Airplane, 789 F.2d 627, 630 (8th Cir. 1986) (affirming a district court's holding that required strict compliance with Supplemental Rule C(6) and struck the claimant's answer because it was not preceded by a verified claim). In fact, the Eighth Circuit has affirmed a district court's determination that failure to file either a verified claim or a timely answer in accordance with Supplemental Rule C(6) required entry of default judgment. United States v. U.S. Currency Totalling $3,817,49, 826 F.2d 785, 786-87 (8th Cir. 1987).

Here, Woldt did not file an answer as is required by Supplemental Rule C(6). Woldt filed what appears to be a verified claim on October 25, 2005. Docket 8. But she did not file an answer within twenty days of October 25, 2005. In fact, she still did not file an answer even though the government notified her by letter on September 10, 2007, that the procedural rules require her to file an answer. Docket 89-3. On May 30, 2008, the government moved for default judgment arguing in its brief that Woldt had no standing because of her failure to file an answer. Woldt failed to respond in writing to the motion, but did appear in person at the hearing on the motion

for entry of default. During the hearing, the court gave Woldt twenty additional days to respond to the motion for default judgment. Docket 98. But even after the court allowed Woldt twenty days to respond to the government's motion for default judgment, Woldt still did not respond. Moreover, Woldt has presented no evidence of any mitigating factors which may have affected her ability to strictly comply with Supplemental Rule C(6).

Based on the foregoing, it is hereby

ORDERED that the government's motion for default judgment as to Shirley Woldt (Docket 86) is granted.

Dated August 5, 2008.

>BY THE COURT:
>
>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>CHIEF JUDGE