UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 05-4145-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING |
| THREE BANK ACCOUNTS | ) | GOVERNMENT'S MOTION TO |
| DESCRIBED AS: | ) | CONSOLIDATE |
| | ) | |
| Bank Account #9142908, at | ) | |
| First Bank and Trust, | ) | |
| Brookings, South Dakota, | ) | |
| | ) | |
| Bank Account #106000073, at | ) | |
| Minnwest Bank, | ) | |
| Ortonville, Minnesota, | ) | |
| | ) | |
| Bank Account # 111007191, at | ) | |
| Far West Bank | ) | |
| St. George, Utah, | ) | |
| | ) | |
| Defendants. | ) | |

The government moves to consolidate this case with two other civil asset forfeiture actions.  The motion is denied.

**DISCUSSION**

The government moves to consolidate this action with United States v. Two Bank Accounts, Civ. 06-4016 and United States v. Eleven Bank Accounts, Civ. 06-4005.  The government argues that consolidation of these three cases is appropriate because all of the cases are based upon the same affidavit for probable cause for forfeiture, all of the cases involve the same gift-giving

scheme, and all of the cases involve the same underlying facts and legal conclusions.

The court has authority to consolidate actions pursuant to Fed. R. Civ. P. 42(a), which states:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

" ' The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion.' " Bendzak v. Midland Nat'l Life Ins. Co., 240 F.R.D. 449, 450 (S.D. Iowa 2007) (quoting Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999)). The purpose of consolidation is "to avoid unnecessary cost of delay." Id. "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). The district court has broad discretion in determining whether to consolidate cases containing a common question of fact or law. See Enter. Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994).

The three cases arise from the same factual situation and seek the same relief. The government relied upon the same affidavit for probable cause for forfeiture in each case. Further, each case involves the same alleged gift-giving scheme to defraud or obtain money or property by means of false or fraudulent

2

promises. As a result, in each case, the court will likely be confronted with similar issues of whether defendant property was obtained illegally. The court thus finds that it has the power pursuant to Rule 42(a) to consolidate the cases.

    Next, the court must determine whether consolidation is appropriate. The complaint in this case was filed almost three years ago on September 19, 2005. Docket 1. Initially, the discovery deadline was October 15, 2007, and the motions deadline was November 15, 2007. Docket 11. Since the initial scheduling order, the government has made three motions to extend the discovery and motions deadlines and the court has granted all of them. On August 27, 2007, upon request of the government, the court extended the discovery deadline to December 10, 2007, and the motions deadline to January 19, 2008. Docket 19. On October 29, 2007, again, upon the government's request, the court extended the discovery deadline to March 31, 2008, and the motions deadline to April 30, 2008. Docket 32. Finally, on April 3, 2008, again upon the government's request, the court extended the discovery deadline to April 30, 2008, and the motions deadline to May 30, 2008. Docket 66. No dispositive motions were filed prior to May 30, 2008. On July 1, 2008, which was after the discovery and motions deadlines had passed, the court scheduled a trial for the date of September 2, 2008. Docket 101. Over a month later, on August 4, 2008, and over two years after cases Civ. 06-

4016 and Civ. 06-4005 were filed, the government moved to consolidate this case with the two other cases. Docket 113.

Under the circumstances of this case, the court finds that consolidation is not appropriate. The government moved to consolidate this case over two months after the motions deadline had passed and a month after the court had scheduled this matter for trial. And the trial date is less than a month away. Further, the motions deadlines have not passed in the other two pending cases and trial dates for those cases have not yet been set. The court finds that consolidating this case with the other two pending cases will not expedite trial or prevent unnecessary delay. Based upon these facts, the court finds that this case should not be consolidated with United States v. Two Bank Accounts, Civ. 06-4016 and United States v. Eleven Bank Accounts, Civ. 06-4005.[1]

Based on the foregoing, it is hereby

ORDERED that the government's motion to consolidate (Docket 113) is denied.

Dated August 6, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

[1] Because the government has moved to consolidate all three cases, whether the other two pending cases will be consolidated will be addressed separately.